[Cite as *State v. Carpenter*, 2013-Ohio-3439.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| SEAN CARPENTER | : | Case No. 12 CAC 12 0087 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Delaware Municpal Court, Case No. 12-CRB-01985 and 12-CRB-02229


JUDGMENT:      Vacated and Remanded


DATE OF JUDGMENT:      August 6, 2013


APPEARANCES:

For Plaintiff-Appellee

DANIEL J. BREYER
Senior Assistant Attorney General
1600 Carew Tower
441 Vine Street
Cincinnati, OH 45202

For Defendant-Appellant

SAMUEL H. SHAMANSKY
DONALD L. REGENSBURGER
COLIN E. PETERS
KRYSTIN N. MARTIN
523 South Third Street
Columbus, OH 43215

*Baldwin, J.*

{¶1}    Appellant Sean Carpenter appeals a judgment of the Delaware Municipal Court convicting him of two counts of dereliction of duty in violation of R.C. 2921.44(A)(2) and fining him $500 on each count.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    At approximately 9:00 p.m. on July 28, 2012, a number of travelers on Interstate 71 in Delaware County notified local law enforcement agencies of a reckless driver they believed to be intoxicated.  The vehicle was a gray Ford F150 pickup truck. The truck was later determined to be driven by Uriel Juarez-Popoca, but it was not registered to Popoca.

{¶3}    Derek Beggs, a deputy with the Delaware County Sherriff's Department, arrived on the scene with his coworker, Deputy Christopher Hughes.  Appellant, a trooper with the Ohio State Highway Patrol, later arrived on the scene, after Popoca was out of the car.  The truck was lodged between the guardrail and the guardwires in the median strip, apparently after the driver attempted a U-turn.  There were multiple license plates in the vehicle and beer cans in the passenger compartment.  The keys were in the ignition.  Popoca was alone in the vehicle, and spoke little English.  Beggs commented to appellant that Popoca was so drunk that when he hit Popoca with the light, Popoca looked at him "like, I'm so drunk, I don't know who you are."

{¶4}    The officers did not identify Popoca at the scene.  The deputies transmitted information to the dispatcher that the incident was a disabled vehicle, not a DUI case.  A translator had been dispatched from the highway patrol, but appellant called off the translator, stating that the county deputies were handling the situation.  A

corrections officer with the Sherriff's Department who minored in Spanish in college spoke to Popoca by telephone. He communicated to Popoca that he needed to find a ride because he was not allowed to drive. Popoca had a friend named Christy who he could call for a ride. Deputy Hughes then transported Popoca to a nearby Taco Bell restaurant to await his ride. Beggs radioed that Hughes would be transporting his "new amigo" to Taco Bell. Shortly after Popoca was dropped off at Taco Bell, dispatch received a call from the manager that an intoxicated man was at the restaurant attempting to get someone to give him a ride to his truck on Interstate 71. The manager could smell alcohol on Popoca. Because a teenager was working the front counter, the manager left her position on the food line and attempted to get Popoca out of the restaurant. Although he did not disturb people in the restaurant, the manager was concerned about his presence and locked the lobby early to keep him outside so he would not disrupt customers.

{¶5} Popoca left the Taco Bell and walked across the street to a Wendy's restaurant. When Deputy Hughes arrived at Taco Bell, the manager told him that Popoca went to the Wendy's across the street. She saw Hughes go to Wendy's for approximately fifteen minutes, then he left and drove in the direction of the patrol station.

{¶6} Popoca was later struck and killed by a motorist on Route 36/37, after walking a little over a mile from Wendy's. His blood alcohol level after his death was determined to be .23. The next day, appellant told Sgt. Marcus Pirrone that he did not get close enough to Popoca to determine if he was drunk, and the deputies took him and dropped him off at Taco Bell.

{¶7}    Appellant was charged with two counts of dereliction of duty in violation of R.C. 2921.44(A)(2).  Deputies Hughes and Beggs were also charged with dereliction of duty.  Hughes pled guilty prior to trial.  Appellant and Beggs were jointly tried before a jury.  Appellant was convicted of both counts and fined $500 on each count.  He assigns the following errors on appeal:

{¶8}    "I.    APPELLANT WAS CONVICTED OF VIOLATING A STATUTE THAT IS VAGUE IN BOTH ITS TERMS AND MEANING IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶9}    "II.    THE TRIAL COURT ERRED BY JOINING APPELLANT'S CASES WITH THOSE OF HIS CO-DEFENDANT IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶10}    "III.    THE TRIAL COURT'S FAILURE TO COMPLY WITH THE OHIO RULES OF EVIDENCE VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶11}    "IV.    APPELLANT WAS CONVICTED IN THE ABSENCE OF EVIDENCE SUFFICIENT TO SUPPORT A FINDING OF GUILTY IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶12}    "V.    APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF HIS RIGHT TO DUE PROCESS AS

GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶13} "VI.   THE TRIAL COURT FAILED TO PROPERLY AND COMPLETELY INSTRUCT THE JURY AS TO THE APPLICABLE LAW IN APPELLANT'S CASE IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶14} "VII.   APPELLANT WAS DEPRIVED OF A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT IN VIOLATION OF HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶15} "VIII.   APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY THE CUMULATIVE ERRORS MADE BY THE TRIAL COURT IN VIOLATION OF HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I.

{¶16}   In his first assignment of error, appellant argues that R.C. 2921.44(A)(2) is void for vagueness.  He argues that the words prevent, apprehend, offender and power are not defined in the Ohio Revised Code.   He argues that these "nebulous" words form a statute that is impossible for a reasonably intelligent person to understand.

{¶17}   R.C. 2921.44(A)(2) provides:

{¶18}   "(A) No law enforcement officer shall negligently do any of the following:

{¶19}  "(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."

{¶20}  In *State v. Phipp*, 58 Ohio St.2d 271, 273, 389, 389 N.E.2d 1128, 1130 (1979), and *State v. Young*, 62 Ohio St.2d, 370, 372, 406 N.E.2d 499, 501 (1980), the Ohio Supreme Court recognized that the legal test for determining whether a statute is unconstitutionally vague was set forth by the United States Supreme Court in *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), and *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). It has long been established that a statute, especially a criminal statute, is unconstitutional on its face if its provisions are so vague and imprecise that persons of ordinary intelligence must guess at its meaning and differ as to its application. *Connally,* 269 U.S. at 391; *Grayned,* 408 U.S. at 108-09; *Young,* 62 Ohio St.2d at 372-73, 406 N.E.2d at 501.  All statutes designed to promote the public health, safety and welfare enjoy a strong presumption of constitutionality.  *State v. Anderson*, 57 Ohio St. 3d 168, 171, 566 N.E.2d 1224 (1991).  The party alleging that a statute is unconstitutionally vague must prove that assertion beyond a reasonable doubt.  *Id.*

{¶21}  Appellant has not demonstrated beyond a reasonable doubt that R.C. 2921.44(A)(2) is unconstitutionally vague.  We agree with the reasoning of the trial court in finding the statute is not unconstitutionally vague:

{¶22}  "In the statute in question, I do not find any of the terms to be unconstitutionally vague. The term 'law enforcement officer' is defined in R.C. 2901.01(A)(11), and the concept of criminal negligence is likewise spelled out clearly in

Ohio's standard jury instructions. And I do not find the terms 'prevent,' 'halt,' 'apprehend,' or 'power' to be so rare or confusing that a person of ordinary intelligence would be baffled by their meaning. I think a reasonable reader of the statute would understand 'prevent' to mean avoid or stop; 'halt' to refer to causing an event in progress to end; 'apprehend' to mean capture or seize; and 'power' to mean legal authority and, depending on the circumstances, physical proximity. And of course the legal authority of the highway-patrol officers is spelled out in R.C. 5503.02, while the authority of law-enforcement officers in general is listed in R.C. 2935.03.

{¶23} "In my view, the defendant has not met his heavy burden of showing that the dereliction-of-duty statute is impermissibly vague. A person of ordinary intelligence can understand what conduct is prohibited and what is not. The fact that some violations of the statute may be difficult to prove does not compel a finding that the statute itself is unconstitutionally vague." Judgment Entry, December 7, 2012.

{¶24} The first assignment of error is overruled.

IV.

{¶25} We address appellant's fourth assignment of error next, as our resolution of this assignment renders the remaining issues before this Court moot.

{¶26} Appellant argues that the evidence is insufficient to support a conviction of two counts R.C. 2921.44(A)(2), which provides:

{¶27} "(A) No law enforcement officer shall negligently do any of the following:

{¶28} "(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."

{¶29}   Criminal negligence is defined by R.C. 2901.22(D):

{¶30}   "(D) A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

{¶31}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).  Where there is insufficient evidence to support a conviction, the remedy is reversal with instructions to discharge the defendant; no retrial is available.  *State v. Freed*, 10th Franklin No. 06AP-700, 2006-Ohio-6746, ¶27.

{¶32}   In the instant case, viewing the evidence in a light most favorable to the prosecution, we find that no rational trier of fact could have found that appellant acted negligently in failing to apprehend Popoca or in failing to halt the commission of disorderly conduct by Popoca in Taco Bell.  State's Exhibit 41, the video recording from appellant's cruiser, establishes that appellant had been given an incorrect mile marker by his dispatcher.  By the time appellant arrived on the scene, Beggs and Hughes had Popoca out of the vehicle and in their custody.  While the State characterizes the decision to take Popoca to Taco Bell as a joint decision, the tape demonstrates that appellant did not contribute to the decision-making process.  Beggs and Hughes made

the decision to not charge Popoca with driving while intoxicated, to let him call for a ride, and to take him to Taco Bell to await a ride before appellant arrived on the scene. Beggs merely informed appellant as to the decisions already made by the deputies; the scene was in the control of the deputies before appellant arrived. Appellant did not interact with Popoca. Appellant did not act negligently in failing to investigate a scene and personally apprehend Popoca when he was already under the control of two sheriff's deputies. Appellant had no reason to believe that Popoca did not actually have a ride and did not understand the translator. He further had no reason to believe that Popoca was going to be left at Taco Bell by Hughes without supervision given his state of intoxication and difficulty with the English language. Appellant did not act negligently, based on the information he received at the traffic stop, in allowing the deputies to maintain control of the scene.

{¶33} The fourth assignment of error is sustained.

{¶34} Appellant's second, third, fifth, sixth, seventh and eighth assignments of error are rendered moot by our decision in the fourth assignment of error.

{¶35}   The judgment of conviction and sentence of the Delaware Municipal Court is vacated.   This cause is remanded to that court with instructions to discharge appellant.  Costs assessed to appellee.


By: Baldwin, J.

Gwin, P. J. and

Delaney, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


CRB/rad

[Cite as *State v. Carpenter*, 2013-Ohio-3439.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
|---|---|---|
| Plaintiff - Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| SEAN CARPENTER | : | |
| Defendant - Appellant | : | CASE NO. 12 CAC 12 0087 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court is vacated and remanded. Costs assessed to appellee.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY